Date signed August 14, 2009



_____

**PAUL MANNES**
**U. S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| PAULINE J. KEARSE | : | Case No. 09-16416PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| AEROTEK SCIENTIFIC, LLC | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 09-0297PM |
| | : | |
| PAULINE J. KEARSE | : | |
| HEADHUNTERS, LLC | : | |
| TPK TECHNOLOGY, LLC | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case came before the court on August 12, 2009, for a status conference on an adversary proceeding removed by the Debtor from the Circuit Court for Montgomery County, Maryland ("Circuit Court"). With the consent of the parties, the court consolidated the status conference with a hearing on a Motion to remand or abstain filed by the Plaintiff that was scheduled for August 18, 2009. The Complaint was filed in the Circuit Court on June 27, 2008, and a First Amended Complaint against the Debtor, Headhunters, LLC, and TPK Technology, LLC ensued. The Debtor filed this bankruptcy case under Chapter 7 on April 13, 2009. On May 14, 2009, she filed a timely Notice of Removal of the Circuit Court case.

The removed action is in five Counts and seeks relief against the Debtor and two related entities (Headhunters, LLC, and TPK Technology, LLC). The first Count is for breach of

contract against the Debtor.  The second Count alleges a breach of fiduciary duty on her part. The third Count alleges violations of the Maryland Uniform Trade Secrets Act against the Debtor and the two related entities.  The fourth Count alleges tortious interference with existing contracts against the Debtor and the related entities.  The fifth Count alleges tortious interference with prospective business relations against the Debtor and the two related entities.  The relief sought in the Amended Complaint included a prayer for an injunction with respect to the non-disclosure of trade secrets and confidential information, as well as enjoining the solicitation of various entities, the return of tangible information and property, an order barring the Defendants from soliciting or accepting business from any client of the Plaintiff permanently and enjoining the Defendants from interfering with the Plaintiff's relationships with its clients.  The Amended Complaint also seeks compensatory and punitive damages and attorney's fees and interest.

A related case *Kforce, Inc. v. Pauline Kearse and Headhunters, LLC*, Civil Action No. L-08-0925 was filed on April 14, 2008, in the United States District Court for the District of Maryland, by Kforce, Inc., the scientific division of which is now owned by the Plaintiff by virtue of a sale that closed on April 29, 2008.  A consent order for preliminary injunction was entered in that case to protect the Plaintiff's interests.  Following a settlement conference held on February 10, 2009, by Magistrate Judge Susan K. Gauvey, the parties agreed on the terms of a settlement agreement whereby the Defendants were to pay the Plaintiff $213,000.00 commencing with a payment of $65,000.00 on April 13, 2009.  When the signed agreement had not been delivered to the Plaintiff, on March 9, 2009, the Plaintiff filed a motion to reopen the case and to enforce the settlement agreement.  Following the filing of the motion to reopen, counsel for the Defendant forwarded an executed copy of the settlement agreement to the Plaintiff's counsel.  On the date the first payment was due, the Debtor filed this bankruptcy case under Chapter 7.

The Plaintiff seeks the mandatory remand of this proceeding to the state court pursuant to 28 U.S.C. § 1334(c)(2).  The instant action is not one of the core proceedings defined in 28 U.S.C. § 157(b).  Under 28 U.S.C. § 157(b)(4), non-core proceedings are not subject to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2).  The Plaintiff has not consented to the entry of a final order by this court.  Therefore, after trial, this court is bound by § 157(c)(1) to submit proposed Findings of Fact and Conclusions of Law to the United States District Court.

After considering numerous factors, including the absence of jurisdiction over the Co-Defendant Headhunters, LLC, the inability of this court to enter a final order, the fact that the

action concerned is solely a matter of state law and would have never come before this court in the absence of the bankruptcy filing and the time already invested in this case by the Circuit Court, in the interest of equity and expeditious resolution of this proceeding, the court will abstain from the exercise of jurisdiction over this non-core matter and remand same to the Circuit Court pursuant to 28 U.S.C. § 1452(b).

In its decision to remand this case, the court gives no weight to the argument of the Defendant that she will have to defend cases in two separate courts–this action seeking an injunction to compel her compliance with the employment non-disclosure and non-solicitation agreement, and the Complaint filed by Kforce, (AP No. 09-0379), a complaint to determine the dischargeability of the $213,000.00 obligation under the settlement agreement.[1] The first case is peculiarly a matter of state law as the second case is as peculiarly a matter of bankruptcy law. There are two separate and distinct causes of action involving two discrete areas of jurisprudence.

To avoid confusion, the court will also enter an order terminating the stay of 11 U.S.C. § 362(a) so as to allow the continuation of the Circuit Court proceeding dealing with the injunctive aspects of this matter, the monetary aspects being subsumed in the *Kforce* action. *See generally, Kennedy v. Medicap Pharmacies, Inc.*, 267 F.3d 493 (CA6 2001); *In re Udell*, 18 F.3d 403 (CA7 1994); *In re Annabel,* 263 B.R. 19 (BC N.D.N.Y 2001)*; In re Cherry*, 78 B.R. 65 (BC E.D. Pa. 1987); *In re Cooper*, 47 B.R. 842 (BC W.D. Mo. 1985).

An appropriate order will be entered.

cc:     Aerotek Scientific LLC
        c/o C. Dennis Southard, IV
        Thompson Hine, LLP
        1920 N Street, N.W., Suite 800
        Washington, DC 20036

        Eric Heyer
        Thompson Hine LLP
        1920 N Street, N.W.
        Suite 800
        Washington, DC 20036

---

[1]A settlement of a claim alleged to be excepted from discharge does not change the character of the underlying claim.  *Archer v. Warner*, 538 U.S. 314 (2003).

Pauline J. Kearse
3775 Spicebush Drive
Frederick, MD 21704

Jeffrey M. Orenstein
Goren, Wolff & Orenstein, LLC
15245 Shady Grove Road
Suite 465, North Lobby
Rockville, MD 20850

Headhunters, LLC
c/o Keith R. Havens, Esq.
Suite 308
2401 Research Boulevard
Rockville, MD 20850

TPK Technology, LLC
c/o Keith R. Havens, Esq.
Suite 308
2401 Research Boulevard
Rockville, MD 20850

Loretta E. Knight, Clerk of the Court
Circuit Court for Montgomery County, Maryland
50 Maryland Avenue
Rockville, Maryland 20850

All parties requesting notice.

**End of Memorandum**